77 F.3d 489
 77 A.F.T.R.2d 96-838
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenn E. KNIGHT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Feb. 6, 1996.
 
 1
 Before: SCHROEDER, and ALARCON, Circuit Judges, and WHALEY,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Glen Knight appeals pro se the district court's order dismissing his complaint, in part, and granting summary judgment to the United States, in part, in his action brought pursuant to 28 U.S.C. § 2410 to quiet title to his retirement pay upon which the IRS had placed a levy. This court has jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Summary Judgment
 
 
 5
 The district court's grant of summary judgment is reviewed de novo. See Hughes v. United States, 953 F.2d 531, 541 (9th Cir.1992). Under 28 U.S.C. § 2410, the taxpayer may challenge only the procedural aspects of tax liens, not the merits of the underlying assessment. See id. at 537-38.
 
 
 6
 Knight first argues that the levy placed on his retirement pay was defective because the IRS failed to issue a warrant of distraint in addition to a notice of levy. Section 3692 of the 1939 Internal Revenue Code formerly required that a warrant of distraint accompany a notice of levy. See United States v. Manufacturers Nat'l Bank, 198 F.Supp. 157, 159 (N.D.N.Y.1961). However, this section was repealed in 1954, and replaced with section 6331 which does not require a warrant of distraint. The Treasury regulations explicitly state that a levy is made by serving a notice of levy on the person in possession of property. See Treas.Reg. § 301.6331-1(a)(1): United States v. Donahue Indus. Inc., 905 F.2d 1325, 1330 (9th Cir.1990). Therefore, the levy was properly effected under Section 6331(a) and a warrant of distraint was not required.
 
 
 7
 Knight next argues that summary judgment should not have been granted because the United States failed to provide notice of seizure as required by 26 U.S.C. § 6335(a). Section 6335 sets forth the procedure for the "Sale of seized property," and requires that "[a]s soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property (or, in the case of personal property, the possessor thereof), ..." 26 U.S.C. § 6335(a). In the case of tangible property, a levy is effected by "physical seizure and notice thereof," whereas in the case of intangible property, "a levy is made for all purposes ... by serving a notice of levy...." See Donahue Indus. Inc., 905 F.2d at 1330.
 
 
 8
 In this case the levy was made on Knight's retirement pay, which is intangible property that could not be seized or sold. The levy became effective the date that the Arizona State Retirement System received the government's notice of levy. See id. Therefore a notice of seizure was not required.
 
 
 9
 Knight also argues that summary judgment was improperly granted because there was a factual dispute as to whether the government provided him with copies of his record of assessment as he requested. Section 6203 provides that "[u]pon request of the taxpayer, the Secretary shall furnish the taxpayer with a copy of the record of the assessment." Treasury regulations provide that if a taxpayer requests a copy of the record assessment, the taxpayer "shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." Treas.Reg. § 301.6203-1.
 
 
 10
 In this case, in response to Knight's request for a copy of the record of assessment, the IRS sent him a letter stating that, "[t]he record of accounts shown on the back of this letter represents a valid copy of the record assessment as provided for in section 6203 of the Internal Revenue Code." Knight argues that the information provided to him did not satisfy section 6203 because the record of assessment was not included. However, Knight was not entitled to the record of assessment itself; he was entitled only to the pertinent information contained in the record of assessment. See Koff v. United States, 3 F.3d 1297, 1298 (9th Cir.1993), cert. denied, 114 S.Ct. 1537 (1994). Knight failed to submit any evidence demonstrating that he did not receive the pertinent information required by the Treasury Regulations. Summary judgment was properly granted. Moreover, Knight received his individual master file in November 1992, and the file contains all the relevant information. There is no genuine issue of material fact.
 
 II
 Evidentiary Rulings
 
 11
 Knight argues the district court erred by allowing two documents into evidence. The district court's evidentiary decisions are reviewed for abuse of discretion. Hughes, 953 F.2d at 539.
 
 
 12
 Knight argues that the Declaration of Angela Carmouche should not have been considered by the court because Rule 56(e) requires the use of affidavits, not declarations. Under 28 U.S.C. § 1746, a declaration signed under penalty of perjury and dated has the same force and effect as a sworn statement or affidavit. See 28 U.S.C. § 1746. The Carmouche declaration was properly executed pursuant to section 1746, and therefore it met the requirements of Rule 56(e).
 
 
 13
 Knight also argues that the Certificates of Assessment (4340 Forms) should not have been admitted because they were not properly certified by the custodian of the record. Certificates of Assessment are admissible as self-authenticating under Fed.R.Evid. 902(1) when they are accompanied by a Form 2866 certification that is under seal and bears the appropriate signature. See Hughes, 953 F.2d at 540. Contrary to Knight's argument, the person who certified the form (the director of the Ogden Service Center) was authorized by Delegation Order 198 of the Internal Revenue Manual to certify to the authenticity of IRS documents. Thus, the Certificates were properly certified. See id.
 
 III
 Discovery
 
 14
 Knight contends that the district court should not have stayed discovery until after it ruled on the government's dispositive motion. The United States' motion for a protective order filed August 7, 1992 did not contain a certificate stating that attempts to resolve the matter had been attempted, as required by the Local Rules. However, Knight failed to respond to defendant's motion and did not move for reconsideration of the protective order and did not move to compel discovery. Nor did Knight make a timely request for discovery after defendant's motion for summary judgment was filed.
 
 
 15
 Rule 56(f) permits a court to grant a continuance for further discovery if it appears that the party opposing a motion for summary judgment cannot present by affidavit facts essential to justify its opposition. See Fed.R.Civ.P. 56(f). Knight's opposition was initially due on September 8, 1992. Knight requested, and was granted, an extension until October 15, 1992. However, he did not file his Rule 56(f) motion until February 22, 1993, over four months past the date set by the court. The untimeliness of Knight's motion is a valid basis for denying it. Cf. Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir.1990). The district court committed no reversible error in connection with discovery.
 
 IV
 Motion For New Trial
 
 16
 Knight argues that the district court erred by denying his motion for a new trial. A district court's denial of a motion for new trial is reviewed for abuse of discretion. See California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1405 (9th Cir.1995). Here, the district court did not abuse its discretion by denying the motion because, as discussed above, the declaration satisfied the requirements of 28 U.S.C. § 1746, and the district court properly denied Knight's untimely motion to defer.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3