T.C. Memo. 2005-31

UNITED STATES TAX COURT

STANLEY K. AND TOMI L. BAUMANN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8554-01.              Filed February 22, 2005.

<u>Frederick J. O'Laughlin</u>, for petitioner Stanley K. Baumann.

Tomi L. Baumann, pro se.

<u>William F. Castor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  This case arises from a request for relief
from joint and several liability under section 6015(f)[1] in
connection with petitioners' deficiency proceeding.  Although the

_____

[1]All section references are to the Internal Revenue Code in
effect for 1998, and all Rule references are to the Tax Court
Rules of Practice and Procedure, unless otherwise indicated.

nonrequesting spouse, petitioner Stanley K. Baumann (Stanley), did not object when the requesting spouse, petitioner Tomi L. Baumann (Tomi), amended the deficiency petition to include the claim for relief under section 6015, Stanley now objects after respondent determined that Tomi qualifies for relief. Stanley objects by arguing that, despite Stanley's being allowed to participate in respondent's determination whether Tomi qualified for relief, respondent nonetheless abused his discretion in granting relief under section 6015(f) because respondent did not examine all the facts and circumstances as required under section 6015(f). The issue for decision is whether respondent abused his discretion in granting Tomi relief from joint and several liability under section 6015(f). We hold that he did not.

FINDINGS OF FACT

Background

Petitioners, while married, timely filed their joint Federal income tax return for 1998. Respondent sent a joint notice of deficiency to petitioners on April 4, 2001, in which respondent determined an income tax deficiency against petitioners of $11,756 for 1998 and an accuracy-related penalty of $2,351 under section 6662(a). The deficiency was attributable to respondent's disallowing gambling losses in excess of gambling income under section 165(d) instead of allowing Stanley to claim his gambling losses against income from his drywall construction business.

Petitioners timely filed a petition contesting respondent's determination in the deficiency notice.  At the time petitioners filed their joint petition, petitioners resided in Oklahoma City, Oklahoma.  Attorney Frederick J. O'Laughlin (counsel) represented both petitioners in the deficiency proceeding.

Respondent filed a motion for summary judgment (summary judgment motion) on May 7, 2002, involving all issues set forth in the deficiency notice.  Respondent asserted in the summary judgment motion that petitioners were not entitled, as a matter of law, to deduct gambling losses in excess of gambling income under section 165(d).  On the date petitioners were ordered to file a response to respondent's summary judgment motion, petitioners' counsel filed a motion to withdraw as counsel for Tomi, because petitioners had since divorced and their divorce created a conflict of interest.  Along with the motion to withdraw, counsel filed, on behalf of both petitioners, a response to respondent's summary judgment motion.  The Court granted counsel's motion for leave to withdraw as counsel for Tomi.

Administrative Request for Relief

While the deficiency proceeding was pending, Tomi filed[2] a Form 8857, Request for Innocent Spouse Relief, seeking relief from liability for the deficiency and accuracy-related penalty for taxable year 1998, the year at issue.[3] Tomi attached a Form 12150, Questionnaire for Requesting Spouse, on which Tomi stated that she filed the return for 1998 relying on the advice of her return preparer (who happened to be petitioners' counsel) and that she was unfamiliar with the tax laws.[4]

Once Examining Officer Lori Sperle (examining officer) of respondent's Oklahoma City office received Tomi's innocent spouse case from respondent's Cincinnati Centralized Innocent Spouse Operation (CCISO), the examining officer sent two letters to Stanley notifying him that Tomi had filed a claim for relief under section 6015. One letter, entitled "Letter to Non-Requesting Spouse," was dated April 25, 2003, and another letter was dated May 16, 2003. The letters notified Stanley that Tomi

[2]The record does not reflect the exact date Tomi filed her request for relief. The record reflects that respondent's Cincinnati Centralized Innocent Spouse Operation (CCISO) received the Form 8857 on Jan. 8, 2003, and that the form was dated Sept. 6, 2002.

[3]Tomi's request for relief also sought relief for unpaid taxes for 1999. The deficiency notice did not involve 1999, however, and so 1999 is not before us.

[4]Tomi did not disclose on this questionnaire that she was abused.

had filed a request for relief from joint and several liability and notified Stanley that he could take part in the proceeding by providing information for respondent to consider in making a relief determination.  The letters also requested that Stanley complete an enclosed Form 12508, Innocent Spouse Information Request (information request), to provide any information Stanley wanted respondent to consider in making the relief determination.

Stanley completed the information request and submitted it to respondent on June 26, 2003.  Stanley also submitted a sworn statement on the same date asserting that Tomi was not entitled to relief because she had full knowledge of, and she benefited from, the gambling activity.

The examining officer sent neither Tomi nor Stanley a preliminary determination letter for 1998.[5]

Deficiency Hearing

The Court held a hearing on respondent's summary judgment motion on September 23, 2002.  At the hearing, respondent notified the Court and petitioners that respondent was converting the summary judgment motion into a motion for partial summary

---

[5]Although respondent sent a preliminary determination letter to Tomi on Oct. 17, 2003, informing Tomi that she did not qualify for relief for 1999, which year is not before us, see supra note 3, respondent did not send a preliminary determination letter for 1998, the year at issue.  Whether a preliminary determination letter had been issued for 1998 is relevant for purposes of deciding whether Rev. Proc. 2003-61, 2003-2 C.B. 296, or Rev. Proc. 2000-15, 2000-1 C.B. 447, applies.

judgment. Respondent was not moving for summary judgment as to the accuracy-related penalty under section 6662. In addition, respondent notified the Court that Tomi had filed a claim for relief under section 6015 and that the summary judgment motion did not include Tomi's request for relief under section 6015.

The Court granted respondent's motion as to the $11,756 deficiency but denied the motion as to the accuracy-related penalty in an Order dated March 14, 2003. The Court did not specifically mention Tomi's request for relief under section 6015 in the Order, but the Court restored the case to the general docket for trial or other disposition.

Amended Petition To Add Claim for Relief

On May 19, 2003, Tomi filed a pleading entitled a motion for leave to file an amendment to the petition, which motion embodied an amendment to the petition in which Tomi claimed relief under section 6015. A copy of the motion and the proposed amendment was served on Stanley through his counsel and on respondent. Neither respondent nor Stanley objected to the motion to amend the petition. The Court granted the motion to amend the petition to add Tomi's claim under section 6015 on June 19, 2003.

Appeals Determination

Appeals Officer Robert Baty (Appeals Officer Baty) of respondent's Oklahoma City office received the administrative innocent spouse case file on October 17, 2003. The

administrative file included the correspondence between petitioners and the examining officer, the record of the examining officer's interview with Tomi, and the examining officer's work papers.

The administrative file included the information request that Stanley submitted and included the divorce decree ordering Stanley to pay, and to hold Tomi harmless from, their joint Federal income tax liabilities through and including 2001, which includes petitioners' joint income tax liability for 1998.

The examining officer's work papers included records of the innocent spouse determination interview the examining officer conducted with Tomi on September 12, 2003. The examining officer's work papers show that the examining officer determined that Tomi was not entitled to relief under section 6015(b) or (c) because Tomi had actual knowledge of the gambling activity and Tomi's lack of knowing the tax consequences was no defense.[6] The examining officer also determined that, even though five factors weighed in favor of granting Tomi relief under section 6015(f), Tomi was not entitled to relief under section 6015(f) because Tomi had knowledge of the gambling activity. The five

---

[6]Ignorance of the law is not a defense for a taxpayer seeking relief under sec. 6015. Mitchell v. Commissioner, 292 F.3d 800, 803-806 (D.C. Cir. 2002), affg. T.C. Memo. 2000-332; Cheshire v. Commissioner, 282 F.3d 326, 333-335 (5th Cir. 2002), affg. 115 T.C. 183 (2000); Price v. Commissioner, 887 F.2d 959, 964 (9th Cir. 1989).

factors weighing in favor of section 6015(f) relief included petitioners' divorce, Tomi would face economic hardship if relief were not granted, petitioners' divorce decree stated that Stanley was responsible for the 1998 income tax liability, the entire deficiency was attributable to Stanley, and Tomi was current with all her Federal tax obligations while Stanley was not.

After reviewing the administrative file, Appeals Officer Baty had a conference with Tomi on December 3, 2003, during which Tomi detailed the abuse she allegedly suffered from Stanley. Tomi provided information and documents to substantiate that Stanley physically assaulted her numerous times, that Stanley had threatened Tomi's life with a shotgun during the divorce action, that he had tried to burn their house while she and her children were inside, that he was charged with arson, that he was taken to a psychiatric hospital after he attempted suicide with a shotgun, and that he had threatened the life of her older son (from a previous marriage).

After the conference, Appeals Officer Baty obtained third-party information that confirmed the information Tomi provided him during the conference. Appeals Officer Baty verified the information by accessing the Oklahoma State Courts Network's (OSCN) Web site and locating relevant court documents. Appeals Officer Baty verified through court documents that Tomi filed for divorce from Stanley, that Tomi filed a petition for a protective

order based on domestic abuse, and that a temporary protective order was issued. The Appeals officer also verified that the State of Oklahoma filed an information against Stanley for fourth degree felony arson and issued an arrest warrant against him shortly after Tomi filed for divorce. The court records also showed that Stanley subsequently pleaded guilty to misdemeanor arson and received a 1-year suspended sentence.

The administrative file also included a certified copy of an Oklahoma City Police Department Crime Report that described a domestic disturbance call made to the police from Tomi's residence reporting to the police that Stanley had threatened suicide with a shotgun, and that the police confiscated the shotgun. This police crime report was dated 1 day before Stanley's involuntary commitment to Griffin Memorial Hospital in Norman, Oklahoma, for observation, which commitment caused the originally scheduled trial to be continued.

Appeals Officer Baty found the same factors weighing in favor of relief that the examining officer had previously found, except that Appeals Officer Baty also found that abuse existed, and that the abuse was a significant and compelling factor warranting relief. Also, although the Appeals officer found that Tomi had knowledge of the gambling activity, he noted that the examining agent did not consider Rev. Proc. 2003-61, 2003-2 C.B.

296,[7] which revised the weight to be given to the knowledge factor. Rev. Proc. 2003-61, sec. 3.02, 2003-2 C.B. at 297. Reason to know of the item giving rise to the deficiency no longer is an extremely strong factor that should weigh more heavily against relief than other factors. Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii)(B), 2003-2 C.B. at 298. Actual knowledge is to be considered a strong factor weighing against relief, which may nevertheless be overcome if the factors in favor of equitable relief are particularly compelling. Id. Appeals Officer Baty determined that the knowledge factor did not prevent Tomi from qualifying for relief.

Appeals Officer Baty determined that, although Tomi was not entitled to relief under section 6015(b) or (c) because she knew of the items giving rise to the deficiency, she was entitled to partial relief under section 6015(f) to the extent her 1998 liability exceeded the amount of her income tax refund for 2002 of $2,020. Appeals Officer Baty notified Tomi of this determination in a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015 (notice determination) dated December 8, 2003. The notice

---

[7]Rev. Proc. 2003-61, 2003-2 C.B. 296, superseded Rev. Proc. 2000-15, 2000-1 C.B. 447. Rev. Proc. 2003-61, supra, is effective for requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of Nov. 1, 2003. Rev. Proc. 2003-61, sec. 7, 2003-2 C.B. at 299. Because no preliminary determination letter had been issued as of Nov. 1, 2003, Rev. Proc. 2003-61, supra, applies to this case.

determination indicated that "[e]conomic considerations, abuse indications, and compliance factors" were considered and were deemed sufficient to support the proposed settlement.

The notice determination explained that Tomi could proceed to trial either if she disagreed with the decision or if Stanley objected. The notice determination also mentioned that the case was scheduled for trial during the week of January 12, 2004.

Appeals Officer Baty sent the notice determination to Stanley's counsel as well. Stanley's counsel was also provided with a copy of the notice determination and other items in the administrative record at a conference on December 10, 2003, with respondent's counsel in preparation of trial.

Trial on the Section 6015 Claim

Stanley's counsel stated at trial that Stanley did not object to Tomi's amending the petition to seek relief from joint liability but that Stanley seeks to object now to respondent's determination that Tomi qualifies for partial relief. At the trial, Appeals Officer Baty authenticated the administrative file and the entire administrative file was admitted into evidence. Appeals Officer Baty testified and explained the factors he considered in deciding to grant Tomi equitable relief under section 6015(f). Stanley neither testified nor refuted any of Appeals Officer Baty's statements. Stanley only questioned the

subsection under which Tomi requested relief because he argued,
if Tomi requested relief under subsection (b) or (c), then he
would be entitled to receive notice of, and have a right to
participate in, the determination whether Tomi was entitled to
relief.  As we understand Stanley's argument,[8] Stanley asserts
that Appeals Officer Baty abused his discretion in granting Tomi
partial relief under section 6015(f) for 1998 apparently because
Stanley did not have an adequate opportunity to participate in
respondent's determination.

                          OPINION

     This case involves the participatory rights a nonrequesting
spouse has in respondent's determination whether the requesting
spouse is entitled to relief under section 6105.  The question
Stanley asks us to address is how much participation a
nonrequesting spouse must be afforded to challenge the other
spouse's claim for relief under section 6015 where both spouses
are before the Court in the same deficiency proceeding.  Before

---

[8]Contrary to counsel's remarks at trial, this case is not a
"stand alone" proceeding commenced under sec. 6015(e).  As
discussed infra, sec. 6015(e) enables an electing spouse to
petition for review of an administrative determination regarding
relief, or failure to rule, as a "stand alone" matter independent
of a deficiency proceeding.  Although this is not a so-called
"stand alone" case, sec. 6015(e) provides that the Court shall
establish rules providing a nonrequesting spouse with adequate
notice and an opportunity to become a party.  Sec. 6015(e)(4).
Rule 325 requires the Commissioner to notify the nonrequesting
spouse and allows the nonrequesting spouse to intervene in a
"stand alone" case.  See King v. Commissioner, 115 T.C. 118
(2000).

we address whether respondent abused his discretion in granting Tomi partial relief from joint liability under section 6015(f), we must first address whether we have jurisdiction and whether Stanley may challenge Tomi's claim for relief.

Tax Court Has Jurisdiction

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). There are three jurisdictional bases for the Court to review a claim for relief from joint and several liability. Van Arsdalen v. Commissioner, 123 T.C. 135 (2004); King v. Commissioner, 115 T.C. 118, 121-122 (2000); Corson v. Commissioner, 114 T.C. 354, 363-364 (2000). First, a taxpayer may seek relief from joint and several liability on a joint return by raising the matter as an affirmative defense in a petition for a redetermination of a deficiency filed under section 6213 (i.e., a deficiency proceeding). King v. Commissioner, supra at 121-122; Corson v. Commissioner, supra at 363; Butler v. Commissioner, 114 T.C. 276, 287-289 (2000).

Second, a taxpayer may file a so-called "stand alone" petition seeking relief from joint and several liability on a joint return where the Commissioner has issued a final determination denying the taxpayer's claim for relief or the Commissioner has failed to rule on the taxpayer's claim within 6

months of its filing.  See sec. 6015(e)(1); <u>Mora v. Commissioner</u>, 117 T.C. 279 (2001); <u>King v. Commissioner</u>, <u>supra</u> at 122; <u>Corson v. Commissioner</u>, <u>supra</u> at 363; <u>Fernandez v. Commissioner</u>, 114 T.C. 324, 329 (2000).  Section 6015(e) enables an electing spouse to petition for review of an administrative determination regarding relief, or failure to rule, as a "stand alone" matter independent of a deficiency proceeding.  <u>King v. Commissioner</u>, <u>supra</u> at 122; <u>Corson v. Commissioner</u>, <u>supra</u> at 363; <u>Fernandez v. Commissioner</u>, <u>supra</u> at 329.  Finally, a taxpayer may request relief from joint and several liability on a joint return in a petition for review of a lien or levy action.  See secs. 6320(c), 6330(c)(2)(A)(i).  The petition in this case was filed in a deficiency proceeding.  We therefore have jurisdiction.

We next address whether Stanley may contest Tomi's claim for relief.  We have previously held that one spouse can challenge the other spouse's claim for relief in a deficiency case.  <u>Corson v. Commissioner</u>, <u>supra</u>.  We determined that we could consider the wife's claim based on the Court's traditional deficiency jurisdiction.  <u>Id.</u> at 363-364.  When the Commissioner negotiated a settlement with the wife concerning relief under section 6015, the husband refused to agree to the negotiated settlement.  The Court denied the motion by respondent for entry of decision holding that the husband must be allowed to be heard on the question whether the wife is entitled to relief.  <u>Corson v.</u>

Commissioner, supra at 365.  Here, Stanley had an opportunity to be heard.  Stanley was a party to the proceeding.  Stanley received the notice required.  Stanley received notice of Tomi's claim for relief when she filed Form 8857.  Stanley also received notice that Tomi was amending the deficiency petition to add her claim for relief to the petition, and Stanley did not object to Tomi's amending the petition.

In addition, Stanley was permitted to submit information to respondent relative to Tomi's claim for relief.  Stanley submitted a completed information request on Form 12057 and submitted a sworn statement to respondent.  The information Stanley submitted is part of the administrative file Appeals Officer Baty reviewed in making a final determination that Tomi qualifies for partial relief under section 6015(f).

We further note that Stanley's opportunity to participate did not end with respondent's administrative determination.  Stanley, as a party to this proceeding, had an opportunity to object to respondent's determination during the trial on the section 6015 claim.  Instead of providing testimony or facts to refute respondent's determination, however, Stanley argued that he did not have adequate participation in respondent's determination.  Stanley argued that his only participation was completing the information request and submitting the sworn statement.  It is this level of participation with which Stanley

remains dissatisfied. We find that simply because Stanley dislikes the result does not mean he was deprived of his right to participate in respondent's determination whether Tomi qualified for relief.

We now address whether respondent abused his discretion in determining that Tomi is entitled to partial relief.

Relief From Joint and Several Liability Under Section 6015

Married taxpayers may generally elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse may seek relief from joint and several liability under section 6015. A spouse may qualify for relief from liability under section 6015(b), or, if eligible, may allocate liability under section 6015(c). In addition, a spouse may seek equitable relief under section 6015(f) if relief is not available under section 6015(b) or (c). Fernandez v. Commissioner, supra at 329-331; Butler v. Commissioner, supra at 287-292. Under section 6015(f), the Commissioner has the discretion to relieve a spouse (or former spouse) of joint liability if, taking into account all the facts and circumstances, it is inequitable to hold that spouse liable for any deficiency or unpaid tax (or any portion of either) and that spouse is not eligible for relief under section 6015(b) or (c). Sec. 6015(f).

Respondent found that Tomi was not entitled to relief under either section 6015(b) or (c) because she had actual knowledge of the gambling activity. Furthermore, Tomi agrees that she was not eligible for relief under either section 6015(b) or (c), and that she was entitled to partial relief under section 6015(f) as respondent determined.

Typically, a spouse seeking equitable relief from joint and several liability under section 6015(f) must prove that the Commissioner's determination regarding relief was an abuse of discretion.[9] Rule 142(a); Washington v. Commissioner, 120 T.C. 137, 146 (2003); Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Butler v. Commissioner, 114 T.C. at 291-292. The Commissioner's exercise of discretion is entitled to due deference; in order to prevail, the taxpayer must demonstrate that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. Jonson v. Commissioner, supra at 125. Here, the nonrequesting spouse, Stanley, must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in

_____

[9]The taxpayer bears the burden of proof except as otherwise provided in sec. 6015. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

fact or law.  See id.; Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The Commissioner has prescribed procedures as directed by section 6015(f) for determining whether a spouse qualifies for relief under subsection (f).  These procedures are set forth in Rev. Proc. 2003-61, 2003-2 C.B. 296.  Rev. Proc. 2003-61, supra, which applies here, has a nonexhaustive list of factors weighing in favor of relief and factors weighing against relief.  Stanley has failed to present any evidence that would suggest with regard to these factors that Tomi did not qualify for equitable relief as respondent determined.  Accordingly, we conclude that respondent did not abuse his discretion by acting arbitrarily, capriciously, or without sound basis in fact in granting Tomi equitable relief under section 6015(f).

We have considered all arguments the parties made in reaching our holdings, and, to the extent not mentioned, we find them to be irrelevant or without merit.

To reflect the foregoing,

An appropriate decision will be entered.