T.C. Memo. 2007-80


UNITED STATES TAX COURT


ROBERT S. BROOKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24689-04.                  Filed April 4, 2007.


        P failed to file an income tax return or pay any amount
of Federal income tax for 2002.  R issued a notice of
deficiency for the amount of the income tax plus additions
to tax.  P filed a petition for review of the deficiency,
and both parties have moved for summary judgment.


        <u>Held</u>:  Summary judgment in favor of R is appropriate
with respect to P's liability for the Federal income tax
plus the addition to tax for failure to file a return.
Summary judgment is not appropriate for the additions to tax
for failure to pay tax shown on a return or failure to make
estimated tax payments.


Robert S. Brooks, pro se.

<u>Innessa Glazman-Molot</u>, for respondent.

MEMORANDUM OPINION

NIMS, <u>Judge</u>:  Respondent determined a deficiency of $13,876 in petitioner's Federal income tax for 2002.  Respondent also determined additions to tax of $3,122.10 for failure to file a return under section 6651(a)(1), $1,040.70 for failure to pay tax shown on a return under section 6651(a)(2), and $463.69 for failure to pay estimated tax under section 6654(a).

Petitioner objects to paying the income tax on numerous grounds, all of which are protester-type arguments.  The issues for our determination are whether respondent correctly determined petitioner's tax liability and the additions to tax.

Both parties have moved for summary judgment pursuant to Rule 121.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time he filed the petition in this case, petitioner resided in West Virginia.

In 2002, petitioner received W-2 income in the amount of $68,708 from the Arlington County School Board.  He also

received interest income in the amount of $3,909.00 from First Exchange Bank in Mannington, West Virginia. Petitioner did not have any income taxes withheld, and he made no other tax payments for the year.

Petitioner did not file an income tax return for 2002. Respondent asserts that on August 2, 2004, a substitute for return was filed on petitioner's behalf pursuant to section 6020(b). On September 28, 2004, respondent mailed a notice of deficiency to petitioner showing the calculated income tax along with additions to tax and interest. After brief correspondence with the Internal Revenue Service (IRS), petitioner filed his petition challenging the deficiency and resulting additions to tax.

## Discussion

Petitioner makes various tax protester-type arguments, ultimately concluding that no statutes render him liable for Federal income taxes. For example, among other things, petitioner claims in his amended petition that no deficiency for 2002 exists based on the definition of "deficiency", that since he received no income in the "constitutional" sense he had no taxable income for 2002, and that because he received no income in the "constitutional" sense, he determined that he had no taxable income and therefore no tax liability to report. As we have said of similar arguments on previous occasions,

petitioner's arguments are frivolous.  We need not refute them with somber reasoning and copious citation of precedent; to do so might suggest that they have some colorable merit.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Guthrie v. Commissioner, T.C. Memo. 2006-81.  We hold that petitioner is liable for Federal income tax for 2002 and the deficiency of $13,876 as determined by respondent.  Summary judgment for this deficiency is granted in favor of respondent.

As previously stated, respondent also seeks additions to tax of $3,122.10 for failure to file a return under section 6651(a)(1), $1,040.70 for failure to pay tax shown on a return under section 6651(a)(2), and $463.69 for failure to pay estimated tax under section 6654(a).  Under section 7491(c), the Commissioner has the burden of production as to whether a taxpayer is liable for an addition to tax and must provide sufficient evidence showing that imposing the addition to tax is appropriate in the particular case.  Higbee v. Commissioner, 116 T.C. 438 (2001).

Respondent has met this burden of production for the section 6651(a)(1) failure to file addition to tax.  Respondent has shown that petitioner did not file an income tax return for 2002, and petitioner has set forth no specific facts showing that there is a genuine issue for trial as to whether his failure to file was due to reasonable cause.  Accordingly, petitioner is liable for

the $3,122.10 addition to tax under section 6651(a)(1), and we shall grant summary judgment in favor of respondent on this issue.

We hold that summary judgment is not appropriate regarding the $1,040.70 addition to tax pursuant to section 6651(a)(2) for failure to pay tax shown on a return by the due date for payment. For the section 6651(a)(2) addition to tax to apply, there must be an amount of tax shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). Even where the taxpayer did not file a valid return, as in this case, a return filed by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer under section 6651(g)(2). However, we have required that certain elements be present for qualification as a substitute return under section 6020(b) for section 6651(a)(2) purposes.

To constitute a substitute return within the meaning of section 6020(b), the components held out to be a return need to be subscribed, contain sufficient information from which petitioner's tax liabilities can be calculated, and purport to be a return. See Millsap v. Commissioner, 91 T.C. 926, 930 (1988). We have held that certain combinations of items meet this standard and have declined to deem others sufficient.

For example, in Hennard v. Commissioner, T.C. Memo. 2005-275, an unsubscribed Form 1040, U.S. Individual Income Tax

Return, a revenue agent's report containing sufficient information to calculate petitioner's tax liability, a Form 4549, Income Tax Examination Changes, and a Form 13496, IRC Section 6020(b) Certification, signed by respondent's examination operations manager combined to yield a substitute return. An unsubscribed Form 1040 along with the attached revenue agent's report containing all relevant information also qualified as a substitute return in Millsap v. Commissioner, supra. Finally, in Conovitz v. Commissioner, T.C. Memo. 1980-22, we held that a Form 1040 with the taxpayer's name, address, and Social Security number plus a Form 1902-E, Explanation of Adjustments, showing petitioner's wages, standard deduction, and exemption that was prepared at the same time and in conjunction with the Form 1040 was a substitute return.

In contrast to the above cases, we have declined to accept other combinations of evidence as substitute returns for section 6651(a)(2) purposes. A record containing a substantially blank and unsubscribed Form 1040 filed February 23, 2000, a notice of proposed adjustments dated May 31, 2000, and a revenue agent's report attached to the notice, which contained sufficient information from which to calculate petitioner's tax liability, nevertheless did not meet the standard in Cabirac v. Commissioner, supra. In Spurlock v. Commissioner, T.C. Memo. 2003-124, an untranslatable computer printout noting a received

date of October 7, 1999; Form 1040 with petitioner's name, address, Social Security number, and filing status dated September 23, 1999; both computer-generated and manual Forms 5344, Examination Closing Record, showing petitioner's tax liability, payments, and adjustments; Form 4549, Income Tax Examination Changes, dated October 18, 1999; and signed "30-day letter" dated October 18, 1999, did not constitute a substitute for return (SFR). In a final example, a statement of account showing SFR document locator numbers for what were presumed to be "dummy returns" showing only taxpayer's name, address, and Social Security number did not qualify as an SFR in Phillips v. Commissioner, 86 T.C. 433 (1986), affd. in part, revd. in part on a different issue 851 F.2d 1492 (D.C. Cir. 1988). In Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, containing a cryptic reference to a "Substitute for Return" was not considered sufficient for purposes of section 6020(b).

In this case, respondent asserted in his motion for summary judgment that an SFR was prepared on petitioner's behalf on August 2, 2004. Respondent offered this purported "return" in an attached exhibit containing only a Form 13496, IRC Section 6020(b) Certification, signed by respondent's exam operations manager, a Form 4549, Income Tax Examination Changes, and a substantially incomprehensible computer printout of numbers and

symbols. Notably missing is anything resembling a Form 1040 or a transcript of account showing the entry of data used to establish the taxpayer's IRS account, as claimed in the certification. In a separate exhibit, respondent offered a printout of petitioner's IRS account as evidence that an assessment had not been made in this case. Though this printout appears to reflect an SFR entry on July 26, 2004, with an accompanying document locator number, this printout lacks any pertinent information besides the taxpayer's Social Security number. Even if we were to reasonably infer that the administrative SFR entry corresponds to a dummy return for petitioner for the year 2002, see Phillips v. Commissioner, supra at 437, we cannot say that these documents meet the requirements of a section 6020(b) return.

An assortment of documents spread throughout the record, though altogether providing the requisite information, does not constitute a return. Cabirac v. Commissioner, supra at 172. Furthermore, simply being able to determine the tax liability from respondent's files does not accord them status as a return. Spurlock v. Commissioner, T.C. Memo. 2003-124. Indeed, if such a lack of formality were to prevail, the section 6651(a)(2) penalty would be appropriate in every case by virtue of sections 6020(b) and 6651(g). Cabirac v. Commissioner, supra at 172.

Overall, to say that respondent's evidence in this case shows that a return meeting the requirements of section 6020(b) was filed is too much of a stretch, especially given respondent's burden of production.  We therefore hold that neither petitioner nor respondent is entitled to summary judgment on this issue.

Respondent also has not met the burden of production with respect to the section 6654 addition to tax for failure to make estimated tax payments.  To meet this burden, respondent must show that petitioner had a "required annual payment" as set forth in section 6654(d).  Wheeler v. Commissioner, supra at 200, 210-212.  The required annual payment equals the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or 90 percent of the tax for such year if no return is filed), or (2) 100 percent of the tax shown on the individual's return for the preceding taxable year (if the individual filed a return for that preceding year).  Sec. 6654(d)(1)(B).  We know that 90 percent of the tax for the 2002 taxable year is $12,488.40 (90 percent of $13,876).  But, respondent has not offered anything showing either the amount of tax shown on petitioner's 2001 return or whether petitioner failed to file a return for 2001. Since the possibility exists that petitioner filed a return for 2001 on which the amount of tax shown was zero, thus making the lesser of the two amounts equal to zero for purposes of section

6654(d)(1)(B), we therefore cannot definitively conclude that petitioner had a required annual payment.  Summary judgment is not appropriate on this issue.

<u>An appropriate order</u>

<u>will be issued</u>.