KENTON R. FLEMING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fleming v. Comm'r
Docket No. 14357-10L.
United States Tax Court
2012 U.S. Tax Ct. LEXIS 57; March 16, 2012, Entered
*57 Petitioner, Pro se.
For Respondent: McCary, Peter T., Jacksonville, FL; Delduco, David, Atlanta, GA.
Richard T. Morrison, Judge.
Richard T. Morrison
ORDER AND DECISION
The petitioner, Kenton R. Fleming, is an instructor at Southern Polytechnic State University. Even though he received a $50,700 salary in 2005, he sent a Form 1040, U.S. Individual Income Tax Return, to the IRS declaring that his taxable income for the year was zero. The IRS responded by assessing a $500 penalty for attempting to file a frivolous tax return. When the IRS threatened to collect the $500 penalty through a levy, Fleming filed this suit under section 6330(d)(1). All references to sections are to the Internal Revenue Code of 1986, as amended.
Fleming's arguments against the levy are groundless. We therefore grant the motion for summary judgment filed by the respondent (whom we refer to here as the IRS). We deny Fleming's cross motion for summary judgment. We require him to pay a $1,500 penalty because he filed this lawsuit for the purpose of delaying the collection of the frivolous-return penalty rather than to resolve a legitimate dispute with the IRS.
Background1. Fleming's Form 1040 and the Assessment of the Frivolous-Return Penalty *58 Fleming is an instructor in the Mechanical Engineering Technology Department of Southern Polytechnic State University in Marietta, Georgia. He received gross salary payments of $50,700 during 2005. Southern Polytechnic State University sent Fleming a Form W-2, Wage and Tax Statement, showing that he received $48,961.84 in wages subject to income tax in 2005.
Fleming sent the IRS a Form 1040 for the 2005 tax year, which the IRS received on October 20, 2006. Fleming claimed on the Form 1040 that he had zero wages, zero total income, zero adjusted gross income, zero taxable income, and zero tax liability.
An employer is required to file with the IRS a Form W-2 that reflects the wages paid to each employee during the year. Sec. 1.6041-2(a)(1), Employment Tax Regs. The employer must also furnish a Form W-2 to the employee. Sec. 1.6041-2(a)(5), Employment Tax Regs. Wage earners are instructed to attach the Form W-2 to the Form 1040. If they receive an incorrect Form W-2 from their employers, they are instructed to attach a Form 4852, Substitute for Form W-2, containing the correct information. Fleming did not attach a copy of the Form W-2 that he had received from Southern Polytechnic State University. Instead, he attached a Form 4852 on which he claimed that he earned zero *59 wages.
The IRS considered Fleming's Form 1040 to be a frivolous attempt to file a tax return. It assessed a $500 frivolous-return penalty against Fleming under section 6702(a), a provision of the Internal Revenue Code that imposes a $500 penalty on someone who files a document that purports to be a tax return and that is related to a frivolous position or to a desire to impede tax administration.
2. The Collection-Review Hearing
On December 24, 2009, the IRS mailed a letter to Fleming notifying him that it intended to levy to collect the $500 frivolous-return penalty and offering him a collection-review hearing with the IRS Appeals Office. Fleming requested a collection-review hearing on the IRS's preprinted form for making such requests. Where the form asked him to state "the reason you disagree with the levy", Fleming wrote:
1. Will be discussed at hearing
2. I intend to record proceedings of hearing
3. I request a face to face hearing
Fleming did not check the boxes on the form to indicate that he wanted the IRS to consider an installment agreement, an offer-in-compromise, or innocent-spouse relief.
Fleming's hearing was assigned to Josephine Stockli, a Settlement Officer who worked for the IRS Appeals *60 Office. On March 8, 2010, Stockli sent Fleming a letter asking him to telephone her at 2:00 P.M. on April 12, 2010. Stockli's letter said that she could not consider collection alternatives such as installment agreements or offers-in-compromise unless Fleming submitted a Form 433-A, Collection Information Statement for Wages Earners and Self-Employed Individuals, and unless Fleming filed a 2008 income-tax return. Stockli also informed Fleming: "[w]e cannot grant you a face to face meeting unless you are compliant in your tax filings. You have not filed a tax return for 2008."
On March 22, 2010, Fleming mailed a letter responding to Stockli's letter of March 8. In the letter Fleming explained that he wanted to have a face-to-face meeting, not a telephone conference. He stated that he would not file a return for 2008. He said: "Since tax year 2008 is not a tax year in controversy here, I doubt that it is necessary for me to provide any such return." Fleming also declined to submit a Form 433-A. He complained that the Form 433-A lacked a control number issued by the Office of Management and Budget.
In response, Stockli sent Fleming a letter on March 26, 2010. She told Fleming: "I would gladly *61 forward your case * * * for a face to face conference, but you must be compliant with your tax filings. Please file a tax return for 2008 and fax me a copy and confirmation * * * ."
Fleming failed to participate in the telephone conference scheduled for April 12, 2010. On that day, Stockli sent Fleming a letter noting that Fleming had failed to call her for the scheduled conference call. Stockli's letter also stated: "You have written me and asked [for] a face to face hearing and I answered your letter with a letter stating that a face to face hearing can only be granted if you are compliant in your tax filings. To date you have not filed a tax return for 2008." On May 20, 2010, Stockli issued a notice of determination sustaining the intended levy.
On May 31, 2011, Fleming lodged with the Court a paper that was (1) his response in opposition to the respondent's motion for summary judgment and to impose a penalty under section 6673, and (2) his own cross-motion for summary judgment.[1] In this dual-purpose paper, Fleming makes the following contentions:
• The IRS's motion for summary judgment should be denied because "Stockli makes many allegations; that she has no direct knowledge of and provides many *62 documents for which no proper foundation is laid."
• The IRS's motion for summary judgment should be denied because the IRS did not send him a notice of deficiency.
• He is not liable for the section 6673 penalty because he instituted the proceedings here in Tax Court to achieve a "just outcome."
• The IRS's motion for summary judgment and its motion to impose a penalty under section 6673 should be denied because the preparation of a substitute return by the IRS demonstrates that his 2005 income-tax liability was zero and that his return reporting zero tax liability is not frivolous.
• His motion for summary judgment should be granted because "no legitimate assessment exists for the tax year 2005." In support of his argument that "no legitimate assessment exists for the tax year 2005" Fleming contends that (1) the IRS failed to mail him a notice of deficiency, (2) he did not receive a notice of deficiency, and (3) the IRS failed to send him a notice of assessment and demand for payment required by section 6303.
The IRS filed a reply to Fleming's document on July 29, 2011. On November 9, 2011, the IRS filed an declaration by Stockli attesting to the authenticity of the exhibits attached to its motion for summary judgment and *63 to impose a penalty under section 6673, except that the declaration did not attest to
the authenticity of Exhibits B, L, M, and N. Stockli had signed the declaration under penalties of perjury.
Discussion
We first explain why the IRS's motion for summary judgment is granted. We then explain why its motion to impose a penalty under section 6673 is granted. We then explain why Fleming's cross motion for summary judgment is denied.
1. IRS's Motion For Summary Judgment
A motion for summary judgment must be granted if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with any affidavits, show that there is no dispute as to any material fact and that a decision may be rendered as a matter of law. Tax Ct. R. Pract. & Proc. 121(b). Affidavits are "written statements that are signed and sworn before a notary". Busche v. Commissioner, T.C. Memo 2011-285, slip op. at 22. An affidavit submitted for consideration of a summary judgment motion must be made on personal knowledge, must set forth such facts as would be admissible as evidence, and must show affirmatively that the affiant is competent to testify on the matters stated. Tax Ct. R. Pract. & Proc. 121(d). Instead of an affidavit, a party may submit a unsworn declaration made under penalty of perjury. 28 U.S.C. sec. 1746 (declarations made under penalty *64 of perjury may be submitted in lieu of affidavits for matters in which federal law permits affidavits to be submitted); Knight v. United States, 77 F.3d 489 [published in full-text format at 1996 U.S. App. LEXIS 4775], 1996 WL 48380, *2 (9th Cir.1996) (unpublished) (rejecting argument that the pre-Dec. 1, 2010 version of Fed. R. Civ. P. 56(c)(4), which, like Tax Ct. R. Pract. & Proc. 121(d), did not include declarations in the set of documents a party could submit to the court in considering a summary judgment motion, required the use of affidavits as opposed to declarations); Busche v. Commissioner, T.C. Memo 2011-285, slip op. at 22; Fed. R. Civ. P. 56(c)(1)(A). The material submitted by both sides must be viewed in the light most favorable to the opposing party. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).
Before the IRS can levy to collect a tax liability it must offer the taxpayer a collection-review hearing with the IRS Appeals Office. Sec. 6330(a)(1). For this purpose, a tax liability includes a liability for a frivolous-return penalty. Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008). Thus, before the IRS can levy to collect a frivolous-return penalty, it must offer the taxpayer a collection-review hearing.
At a collection-review hearing, the Appeals Office is required to verify that the IRS has satisfied all procedural requirements. Sec. 6330(c)(1). The Appeals Office must also consider certain types of issues raised by the taxpayer, such as innocent-spouse relief and collection alternatives. Sec. 6330(c)(2)(A); (c)(3). It must also consider any challenge by the taxpayer to the amount of the liability *65 sought to be collected, but only if the taxpayer did not have a prior opportunity to dispute the amount of the liability. Sec. 6330(c)(2)(B).
A taxpayer dissatisfied with the determination of the Appeals Office may appeal it to this Court. Sec. 6330(d)(1). We review the determination of the Appeals Office for abuse of discretion--except where the underlying liability is properly at issue. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Where the underlying liability is properly at issue, we review the determination on a de novo basis. Id. at 181-182.
Fleming makes three arguments in response to the IRS's motion for summary judgment: (1) Stockli did not have personal knowledge of the documents attached to the IRS's motion, (2) the IRS could not assess the frivolous-return penalty without first sending him a deficiency notice, and (3) the IRS prepared a substitute return for 2005 that demonstrates that he had a zero tax liability for that year. None of Fleming's arguments have any merit.
a. Authenticity Objections
First, Fleming argues that the IRS's motion for summary judgment should be denied because Stockli did not have personal knowledge of the documents attached to the IRS's summary judgment motion. But Stockli was the Appeals officer in charge of handling Fleming's collection-review *66 case. Thus, she personally knew the documents that she reviewed during the hearing. Stockli declares that she reviewed, as part of the hearing, six of the exhibits attached to the respondent's motion: Exhibits C, D, F, G, H, and I. Stockli's declaration is sufficient for us to consider Exhibits C, D, F, G, H, and I in ruling on the parties' motions. Tax Ct. R. Pract. & Proc. 121(d); 28 U.S.C. sec. 1746; see also Baumann v. Commissioner, T.C. Memo 2005-31, slip op. at 11 (at trial, the Appeals officer who handled an innocent-spouse-relief hearing authenticated the entire administrative file).
Exhibit A is an IRS Form 4340 regarding the frivolous-return penalty for the 2005 tax year. It records the IRS's actions regarding this penalty. Stockli declared that although she did not review Exhibit A, she reviewed a computerized transcript that contained the same information contained in Exhibit A. This is sufficient for us to consider Exhibit A for the purpose of ruling on the party's motions.
Exhibit B is a copy of a Form 1040, U.S. Individual Income Tax Return, signed by Fleming. Although Stockli does not vouch for the authenticity of the Form 1040 in her declaration, Fleming himself refers to this document in his court paper. His court paper even attaches a copy of the return. Under the circumstances, *67 we can consider the Form 1040 for the purpose of ruling on the parties' motions.
Exhibit E is a copy of the case-activity record. In her declaration, Stockli states that she was the author of the case activity record. Therefore we can consider Exhibit E for the purpose of ruling on the party's motions.
Exhibit J is a copy of the notice of determination. Fleming attached this notice of determination to his Tax Court petition and does not contest its authenticity. We can consider the notice of determination in considering the parties' motions.
Exhibit K is composed of two documents: (1) an IRS Form 4340 regarding Fleming's income-tax liability for 2008, and (2) an IRS Form 4340 regarding Fleming's income-tax liability for 2009.
Stockli declared that although she did not review Exhibit K, she reviewed computerized transcripts that contained the same information contained in Exhibit K with respect to the tax year 2008. This is sufficient for us to consider the first document in Exhibit K for purposes of ruling on the parties' motions. The Stockli declaration does not address the second document in Exhibit K, the IRS Form 4340 regarding Fleming's income-tax liability for 2009. However, we find *68 that this Form 4340 is authentic under Federal Rule of Evidence 902(1), which provides that a document bearing a government seal and signature is self-authenticating. (All citations to the Federal Rules of Evidence are to the rules as they were amended effective on December 1, 2011. The December 1, 2011 amendments were intended to be stylistic only. Fed. R. Evid. 901 Comm. Notes (2011).). The Form 4340 is accompanied by a Form 2866, Certificate of Official Record, bearing the required seal and signature. See Knight v. United States, 77 F.3d 489 [published in full-text format at 1996 U.S. App. LEXIS 4775], 1996 WL 48380, *2 (9th Cir.1996) (unpublished) (A Form 4340, is "admissible as self-authenticating under Fed.R.Evid. 902(1) when [] accompanied by a Form 2866 certification that is under seal and bears the appropriate signature."). We can therefore consider the Form 4340 in ruling on the parties' motions. Id.
Exhibit L is a series of documents gathered by the custodian of records of Southern Polytechnic State University. The documents are attached to a document that qualifies as a certification under Federal Rule of Evidence 902(11). The documents in Exhibit L are authenticated under Federal Rule of Evidence 902(11). They can therefore be considered in ruling on the parties' motions. See Orr v. Bank of America, 285 F.3d 764, 774 (9th Cir. 2002) (proper foundation for documents submitted on motions for summary judgment can be established if documents meet any of the requirements of Fed. R. Evid. 901 or 902).
Exhibits *69 M and N have a different significance than the other documents relating to the IRS's motion for summary judgment and to impose a penalty under section 6673. These letters, written by respondent's counsel to Fleming on January 20, 2011 and March 11, 2011, are relevant to the section 6673 penalty. They are not relevant to summary judgment. We discuss the admissibility of the letters here anyway. Based on their appearance, content and other circumstances, we find Exhibits M and N authentic under Federal Rule of Evidence 901(b)(4), which provides that the requirement of authenticity can be satisfied by "The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Exhibits M and N can therefore be considered in determining Fleming's liability for the section 6673 penalty. See Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 533 (9th Cir. 2011) (document should be considered on summary judgment if it satisfies requirements of Fed. R. Evid. 901(b)(4)).
We would also clarify a matter regarding all of the exhibits attached to the IRS's motion for summary judgment and to impose a penalty under section 6673. It is not clear that Fleming's bare assertion that Stockli did not have personal knowledge of Exhibits A through N is sufficient to raise a question about the authenticity *70 of the exhibits. By ruling that the exhibits are authentic, we do not suggest that Fleming's assertion is sufficient to require the Court to so rule.
b. Alleged Failure of IRS to Send Notice of Deficiency
Second, Fleming argues that the IRS could not assess the frivolous-return penalty without first sending him a deficiency notice. However Fleming failed to make this contention in his petition. He has therefore forfeited the contention, seeTax Ct. R. Pract. & Proc. 331(b)(4), which has no merit anyway. Although the IRS was required to send Fleming a notice of deficiency in order to assess his income-tax liability for 2005 (and, it asserts, it did so[2]), it was not required to send Fleming a notice before assessing his frivolous-return penalty. Section 6703(b) provides that deficiency procedures do not apply to the frivolous-return penalty. Therefore no deficiency notice was required. See Callahan v. Commissioner, 130 T.C. 44, 47 n. 3 (2008) ("The frivolous return penalty * * * is assessed without a notice of deficiency first being sent to the taxpayer * * *.").
c. The Substitute Return
Third, Fleming argues that a substitute return prepared by the IRS for 2005 reflected that he had zero tax liability, that this substitute return must be presumed correct as a matter of law, and that therefore *71 his Form 1040 reporting that he had zero tax liability was not frivolous. The IRS concedes that a substitute return is presumed correct as a matter of law, and it concedes that it prepared a substitute return for Fleming for the 2005 tax year, but it contends that the substitute return did not reflect zero tax liability. Thus, the issue to be resolved is whether the substitute return prepared by the IRS showed a zero tax liability. For his part, Fleming submits a portion of an IRS record called an Individual Master File for his 2005 tax year. The Individual Master File contains the entry:
150 11272006 0.00
The number "11272006" appears to shows that the date of the entry is November 27, 2006: "11" is for the month of November; "27" is for the 27th day of the month, and "2006" is for the year 2006. However, nothing about the entry indicates that it relates to the IRS's substitute return for Fleming. Indeed, the timing of the entry in the Individual Master File corresponds to the IRS's assessment of the zero dollar tax liability that Fleming reported on his Form 1040. This is demonstrated by the data on an IRS Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, *72 a self-authenticating document that is attached to the IRS's reply to Fleming's court paper. An assessment is not the same thing as a substitute return. See Wadleigh v. Commissioner, 134 T.C. 280, 289 (2010) (assessment is "the formal recording of a liability in the records of the Commissioner."); Brooks v. Commissioner, T.C. Memo 2007-80, slip op. at 5 ("To constitute a substitute return within the meaning of section 6020(b), the components held out to be a return need to be subscribed, contain sufficient information from which petitioner's tax liabilities can be calculated, and purport to be a return."). We conclude that Fleming has failed to provide factual support for his contention that the IRS prepared a substitute return reflecting zero tax liability. Also, Fleming's contention about the substitute return is an impermissible attempt to dispute his liability for the frivolous-return penalty. Fleming failed to dispute his liability for the penalty at the collection-review hearing. He is therefore barred from disputing his liability in court. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). It is too late for him to argue that the substitute return prepared by the IRS demonstrates that his return was not frivolous.
d. The Lack of Face-to-Face Hearing With the. Appeals Office
Finally, we note that in his response to the motion for summary judgment *73 and to impose a penalty under section 6673, Fleming does not respond to the IRS's argument that he was not entitled to a face-to-face hearing with the Appeals Office. His failure to respond constitutes a waiver of the argument in his petition that he was denied a face-to-face hearing. The argument is without merit anyway. Treasury Regulations provide that an opportunity for a face-to-face hearing will be offered a taxpayer "who presents in the hearing request relevant, non-frivolous reasons for disagreement with the proposed levy." Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. But Fleming's hearing request did not give any reason for disagreeing with the levy. First, Fleming's request stated that he would discuss the reason for challenging the proposed levy at the hearing. This is not a reason for disagreeing with the proposed levy, but a promise to provide the reason later. Second, Fleming stated he wanted to record the hearing. This is not a reason for challenging the proposed levy, but a request to record himself explaining his reason. Third, he requested a face-to-face hearing. This is not a reason for challenging the proposed levy, but a request to provide his reason in person. Fleming's request for a *74 collection-review hearing did not contain any reasons for challenging the levy. Therefore he was not entitled to a face-to-face hearing.
None of Fleming's arguments against summary judgment are availing. Accordingly, we will grant summary judgment to the IRS.
2. Fleming's Motion For Summary Judgment
In support of his motion for summary judgment, Fleming argues that the IRS failed to send him a deficiency notice. As we have explained above, however, the IRS was not required to send Fleming a deficiency notice before making an assessment of the frivolous-return penalty. Fleming also argues that he failed to receive a deficiency notice. But receipt of a deficiency notice is not a pre-condition for the assessment of a frivolous-return penalty.
Fleming argues that the IRS failed to send him a notice of assessment as required by section 6303(a). Attached to his response to the IRS's motion for summary judgment and to impose a penalty under section 6673 is an affidavit stating that he did not receive a notice of assessment. But the evidence shows that the notice was mailed. An IRS Form 4340 reflects that the IRS mailed the notice of assessment to Fleming. Stockli verified that the notice of assessment had been mailed. *75 This verification is reflected in the notice of determination. Furthermore, Fleming failed to flag the IRS's failure to mail a notice of assessment as an error in his petition. Therefore, Fleming has forfeited his challenge to the assessment on this ground. SeeTax Ct. R. Pract. & Proc. 331(b)(4).
3. IRS Motion for Penalty Under Section 6673.
Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay the United States a penalty of up to $25,000 if the taxpayer takes frivolous or groundless positions in Tax Court proceedings or institutes proceedings in the Tax Court primarily for delay. As we have explained, every argument Fleming asserted in opposition to summary judgment is groundless. It is obvious that Fleming instituted his lawsuit for delay, rather than to resolve a legitimate dispute with the IRS.
We will require Fleming to pay to the United States a penalty of $1,500.
Fleming has two other cases pending in the Tax Court: (1) Docket No. 8814-10, a deficiency case filed April 10, 2010 for his 2007 income-tax year, and (2) Docket No. 27608-10, a deficiency case filed December 7, 2010 for his 2006 income-tax year. If these two cases are also meritless, Fleming would be well advised to abandon them by filing motions to voluntarily dismiss *76 them.
Conclusion
Given the foregoing, it is
ORDERED that respondent's motion for summary judgment and to impose a penalty under I.R.C. § 6673, filed March 22, 2011 is granted. It is further
ORDERED that petitioner's cross-motion for summary judgment, filed May 31, 2011 is denied. It is further
ORDERED and DECIDED that respondent may proceed with the collection of petitioner's federal income tax liabilities for the taxable year 2005, as described in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated May 20, 2010; and
That petitioner is liable for a penalty, pursuant to I.R.C. 6673, in the amount of $1,500.
Richard T. Morrison
Judge
ENTERED: MAR 16 2012
Footnotes
1. The Court filed Fleming's paper under two docket entries: docket entry 14, titled a response in opposition to motion for summary judgment and to impose a penalty under section 6673↩, and docket entry 15, titled a cross-motion for summary judgment. Order of July 1, 2011.
2. The IRS contends in its reply to Fleming's response that it sent him a notice of deficiency for his 2005 income-tax liability on August 12, 2009.↩