T.C. Memo. 2015-40

UNITED STATES TAX COURT

WILLIAM FREDERICK DEPREE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7213-13L.                    Filed March 10, 2015.

William Frederick Depree, pro se.

<u>John D. Ellis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] Revenue Service (IRS or respondent) to uphold a notice of intent to levy. The IRS filed the levy notice to assist in collecting petitioner's unpaid Federal income tax liabilities for 2009 and 2010. The issues for decision are whether petitioner at the CDP hearing properly raised his underlying tax liabilities for these years and whether the IRS abused its discretion in declining to consider his request for an offer-in-compromise (OIC).

## FINDINGS OF FACT

The parties filed a stipulation of facts and related exhibits at trial. We incorporate the stipulation of facts and the accompanying exhibits by this reference. Petitioner resided in the District of Columbia when he petitioned the Court.

Petitioner was employed during 2009 and 2010 as a security guard and describes himself as a "professional researcher" in various fields of art and science. He filed Federal income tax returns for 2009 and 2010 reporting wages of $41,478 and $43,929, respectively. He had no tax withheld from his wages for either year, paid no estimated tax, and submitted no payment with either return. The IRS assessed the tax on the basis of these returns.

The IRS sent petitioner a notice and demand for payment. In October 2011 petitioner requested and was granted an installment agreement whereby he would pay his total outstanding tax liabilities in $250 monthly installments. Petitioner

[*3] made three payments totaling $750 but then defaulted. The IRS accordingly terminated the installment agreement and, on November 5, 2012, issued petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, indicating that he desired an OIC.

On December 7, 2012, the IRS sent petitioner a letter enclosing a Form 656, Offer in Compromise, and requesting that he "complete the enclosed Form * * * for further consideration." On February 11, 2013, a settlement officer (SO) from the IRS Appeals Office mailed petitioner a letter scheduling a telephone CDP hearing for March 6, 2013. This letter indicated that the SO would consider collection alternatives but noted that petitioner needed to submit financial information sufficient to enable the IRS to determine his ability to pay. The letter indicated that the SO would also consider "whether * * * [petitioner] owe[d] the amount due." Before his scheduled CDP hearing petitioner did not submit Form 656, did not propose any specific collection alternative, did not submit the partial payment that must accompany an OIC, did not submit any documentation concern-

[*4] ing his 2009 and 2010 tax liabilities, and did not ask for additional time to submit any of this material.[2]

During the March 6, 2013, hearing petitioner stated that he was challenging his underlying tax liabilities on the ground that he owed no tax for either year. Although he informed the SO that he was "an inventor and artist" who "used his money for creative research," he articulated no theory and submitted no evidence in support of his assertion that his correct tax liability for each year was zero. He told the SO that he wanted an OIC; when asked why he had not submitted Form 656, he stated that he had previously submitted "an offer for $750 that was walked all over and not considered." (This was apparently a reference to the installment agreement on which he had paid $750 before defaulting.) The SO told petitioner that she could not consider an OIC in the absence of a properly supported Form 656. She indicated that petitioner might be eligible for another installment agreement, but when he replied that he was interested in nothing but an OIC, she informed him that she could afford him no relief.

---

[2]At trial petitioner disputed his receipt of the SO's February 11, 2013, letter. However, that letter was mailed to his current address, and he called in for the CDP hearing at the appointed date and time, using the telephone number stated in the letter. The Court does not credit petitioner's testimony on this point.

[*5]  The SO stated in her case activity report that petitioner's balance due of $7,933 was "due to insufficient withholding due to self assessed returns" and that her "review of * * * [petitioner's] account transcript shows that the proper assessment was made" and that the "mailing of notice and demand was proper." On March 8, 2013, the IRS issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the levy.

On March 30, 2013, petitioner submitted amended returns for 2009 and 2010 on which he claimed section 41 "research and experimentation" tax credits of $3,986,580 and $4,443,670, respectively.  The IRS did not process these returns.  On April 1, 2013, petitioner timely petitioned this Court for review of the notice of determination.  As the basis for his disagreement with the IRS determination, he states in his petition:  "Amended tax forms [for] 2009-2010 adding * * * tax research credits, which applied changed the tax owed to zero."

OPINION

A.    Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents.  Where the validity of the underlying tax liability is properly at issue, the Court reviews

[*6] the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, the Court reviews the IRS decision for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Respondent agrees that petitioner was not foreclosed from disputing his underlying tax liabilities at the CDP hearing. However, this Court may consider a taxpayer's challenge to his underlying tax liability only if he properly raised that challenge before the IRS. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the CDP hearing if the taxpayer fails to request consideration of the relevant issue by Appeals or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. Ibid.; see Thompson v. Commissioner, 140 T.C. 173, 178 (2013).

The SO provided petitioner an opportunity to contest his underlying tax liabilities for 2009 and 2010, but he failed to mount a proper challenge because he articulated no basis for relief and submitted no evidence. He admitted at trial that he did not refer to research credits during his CDP hearing and provided the SO with no documentation concerning these claims. Although he told the SO that he

[*7] was "an inventor and artist" who "used his money for creative research," this did not put her on notice that he was about to file amended returns claiming research credits. Petitioner submitted with his amended returns no documentation to support his claim for research credits totaling over $8 million; this claim is implausible on its face. Given these facts, we conclude that petitioner did not properly raise his underlying tax liability for 2009 or 2010 at the CDP hearing, and he is thus barred from disputing those liabilities in this Court. We will therefore review the SO's determination for abuse of discretion only. See Goza, 114 T.C. at 182.

B.    Analysis

In deciding whether the SO abused her discretion in sustaining the levy, we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

It is clear from our review of the record that the SO analyzed the transcript of petitioner's account and verified that the requirements of applicable law and

[*8] administrative procedure were followed. The SO stated in her case activity report that she had reviewed petitioner's account transcript and confirmed that "the proper assessment was made." Petitioner did not allege in his petition that any assessment was improper, and this issue is therefore deemed conceded. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Pierson v. Commissioner, 115 T.C. 576, 580 (2000) (deeming conceded issues not raised in the taxpayer's petition); Goza, 114 T.C. at 183; Busche v. Commissioner, T.C. Memo. 2011-285, 102 T.C.M. (CCH) 566, 575 (noting that taxpayer's challenge to her underlying liability failed because "she did not plead in her petition that her liability is less than was assumed in the proposed levy").

The SO did not abuse her discretion in declining to consider petitioner's request for an OIC. Despite being informed of the need to submit Form 656 and supporting financial data, petitioner failed to do so. He also failed to submit the required partial payment. See sec. 7122(c)(1) (requiring partial payment of either 20% of a lump-sum OIC or of the amount of the first proposed installment in a periodic payment OIC). Petitioner stated that an OIC was the only collection alternative in which he was interested, but he put no offer on the table. The SO plainly did not abuse her discretion in deciding that he was ineligible for a collec-

[*9] tion alternative under these circumstances. See Kindred v. Commissioner, 454 F.3d 688, 696 (7th Cir. 2006) ("Without an actual offer in compromise to consider, it would be most difficult for either the Tax Court or this court to conclude that the appeals officer might have abused his discretion; for the appeals officer could not mistakenly reject something which has not been presented to him."); Kendricks v. Commissioner, 124 T.C. 69, 73-74, 79 (2005) (finding no abuse of discretion when taxpayers did not submit an OIC to the settlement officer conducting the CDP hearing even though they had sent an OIC request to another IRS office); Bergdale v. Commissioner, T.C. Memo. 2014-152 at *11-*12 ("[T]here is no abuse of discretion when the settlement officer fails to consider a taxpayer's request for an offer-in-compromise when a Form 656 was not filed."); Romero v. Commissioner, T.C. Memo. 2009-264, 98 T.C.M. (CCH) 473, 475 ("Without the submission of a formal OIC, we cannot determine whether respondent abused his discretion."); O'Neil v. Commissioner, T.C. Memo. 2009-183, 98 T.C.M. (CCH) 90, 94 (finding no abuse of discretion where taxpayer discussed OIC with settlement officer but failed to submit a written offer); Godwin v. Commissioner, T.C. Memo. 2003-289, 86 T.C.M. (CCH) 451, 457 ("Taxpayers who wish to propose an offer in compromise must submit a Form 656[.]").

**[*10]** Finding no abuse of discretion in any respect, we will sustain the IRS determination to uphold the notice of levy. To reflect the foregoing,

Decision will be entered for respondent.