T.C. Memo. 2012-46

UNITED STATES TAX COURT

ROBERT B. ANDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1040-11L.                    Filed February 21, 2012.

Robert B. Anderson, pro se.

<u>Nathan C. Johnston</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  This case is before us to review a determination by

respondent's Appeals Office (Appeals) to proceed with collection of petitioner's

unpaid liability for civil penalties imposed on account of his frivolous tax submissions for 2006 and 2007. Respondent has moved (1) to dismiss on the ground of mootness and to strike as to the taxable year 2006 and (2) for partial summary judgment with respect to 2007 (motion to dismiss and motion for partial summary judgment, respectively). Petitioner objects to both motions (objections).

All section references are to the Internal Revenue Code of 1986, as amended and as applicable to this case, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The following facts are gathered from the pleadings, the motion for partial summary judgment and the declaration of David Kelly in support thereof, the motion to dismiss, and the objections. There appears to be no disagreement as to the following facts.

On February 10, 2009, respondent by letter informed petitioner of his intent to impose a $5,000 penalty per return for filing frivolous tax returns for 2006 and 2007.

On August 12, 2009, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to petitioner's

liability for civil penalties imposed pursuant to section 6702, plus interest, for filing frivolous returns for 2006 and 2007.

In response to the notice, petitioner timely requested a collection due process (CDP) hearing with Appeals (CDP hearing request). See sec. 6330(b)(1). Attached to the CDP hearing request is an apparently preprinted checklist on which petitioner checked 21 out of 23 reasons for his disagreement with the filing of the levy.

On October 8, 2009, Freddie Molina, an account resolution specialist in Appeals, wrote to petitioner and, among other things, requested that he provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

On February 19, 2010, Mr. Kelly, a settlement officer in Appeals who was assigned petitioner's case, wrote to petitioner, introducing himself and requesting that he provide a Form 433-A. In a letter dated April 2, 2010, Mr. Kelly informed petitioner that he had not received the requested information. In a letter dated November 17, 2010, Mr. Kelly again requested the Form 433-A. Petitioner did not submit the Form 433-A before Mr. Kelly closed the case and Appeals issued its determination.

On December 14, 2010, Appeals issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy to collect the civil penalties and interest at issue.

Respondent's account transcript for petitioner's 2006 taxable year shows an account balance of zero. The transcript shows that petitioner's unpaid civil penalty liability (plus interest) for 2006 was offset in full with credits from overpayments on his 2008 and 2010 income tax returns.

## Discussion

I.     Motion to Dismiss

Respondent argues:

As a result of the full payment of petitioner's 2006 liability subject to the Notice of Determination, respondent no longer needs nor intends to levy to collect petitioner's civil penalty liability for the taxable year 2006, which gave rise to the petition in the instant case. As there is no remaining case or controversy relating the taxable year 2006 to sustain this Court's jurisdiction, this action is no longer justiciable. See Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006); Gerakios v. Commissioner, T.C. Memo. 2004-203; Chocallo v. Commissioner, T.C. Memo. 2004-152. Accordingly, the Notice of Determination relating to the taxable year 2006 is moot, and the petition should be dismissed relating to the taxable year 2006 and that all references to taxable year 2006 should be stricken from the petition.

Petitioner argues: "[Section] 6330 requires a suspension on collections once * * * [he requested a CDP hearing] and the monies credited to Petitioner's 2006 civil penalty account * * * [are] in violation of sec. 6330(e)(1)."

Petitioner is mistaken. In Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006), the taxpayer brought a case in the Tax Court disputing a notice of determination sustaining a levy for her 1992 tax liability. After the filing of the petition, the Commissioner applied an overpayment from the 1999 taxable year to the 1992 tax liability, which resulted in full payment of the 1992 tax liability. Id. at 4. Consequently, the Commissioner asserted that the case was moot since he claimed there was no amount due and he was no longer pursuing a collection action. Id. at 6. The Court held the case was moot and noted that an offset under section 6402 does not constitute a levy action and accordingly is not a collection action subject to review in a section 6330 proceeding. Id. at 7-8; see also Boyd v. Commissioner, 124 T.C. 296, 300 (2005), aff'd, 451 F.3d 8 (1st Cir. 2006); sec. 301.6330-1(g)(2), Q&A-G3, Proced. & Admin. Regs. (an offset is a nonlevy collection action that the IRS may take during the suspension period provided in section 6330(e)(1)).

We shall grant the motion to dismiss.

II.     Motion for Partial Summary Judgment

A.      Introduction

Respondent moves pursuant to Rule 121 for partial summary adjudication in his favor upon all issues presented in this case with respect to 2007.

We may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b). The moving party has the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  See, e.g., Anonymous v. Commissioner, 134 T.C. 13, 15 (2010) (citing Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985)).

We distill from the amended petition the following assignments of error for 2007.  Appeals erred (1) in sustaining the section 6702 penalty, plus interest; (2) in denying petitioner a face-to-face hearing; (3) by not allowing petitioner sufficient time to submit requested information; and (4) by not allowing a collection alternative.

B.     Penalty

Respondent appears to argue for summary adjudication in his favor with respect to the first assignment of error on the ground that petitioner's initial 2007 return, showing zero wages, was incorrect "due to petitioner's frivolous position echoed in his CDP request, petition, and amended petition."  While there is much in the attachment to the CDP request, the petition, and the amended petition that strikes us as frivolous, paragraph 7 of the attachment does state that petitioner had no opportunity to challenge the penalty and paragraph 20 of the attachment does raise claims of denial of due process and of the right to appeal imposition of the penalty.  Those do not strike us as frivolous positions; indeed, they raise genuine issues as to material facts.  Mr. Kelly concludes his Appeals Case Memorandum by stating that petitioner presented frivolous arguments, apparently not recognizing petitioner's arguments (and the factual questions presented) in the aforementioned paragraphs 7 and 20.

While it may be that Mr. Kelly thought petitioner had already had an opportunity to challenge the penalty because of the February 10, 2009, letter and was thus precluded from challenging it in his CDP hearing, that is not clear.  See sec. 6330(c)(2)(B).  We cannot grant partial summary judgment with respect to petitioner's challenge to the penalty.

C.   Face-to-Face Hearing

As to whether petitioner was precluded from a face-to-face hearing because, as respondent claims, petitioner raised only frivolous arguments, section 301.6330-1(d)(2), A-D8, Proced. & Admin. Regs., does state in part:  "A face-to-face CDP conference concerning a taxpayer's underlying liability will not be granted if the request for a hearing or other taxpayer communication indicates that the taxpayer wishes only to raise irrelevant or frivolous issues".  Because it does not appear to us that petitioner raised only irrelevant or frivolous arguments, we shall not grant partial summary judgment on that issue.  That is not to say that we will remand this case for a face-to-face hearing with respect to petitioner's liability for the section 6702 penalty.  A taxpayer does not pursuant to section 6330(b)(1) have an absolute right to a face-to-face hearing.  Busche v. Commissioner, T.C. Memo. 2011-285. Petitioner should be prepared at trial to make whatever arguments he has as to his liability for the penalty.  See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

D.   Collection Alternatives

On October 8, 2009, Mr. Molina asked petitioner to submit the Form 433-A. Mr. Kelly asked petitioner for the form on February 19, April 2, and November 17, 2010, before he thereafter closed the case and Appeals, on December 12, 2010,

issued its determination. Petitioner had more than adequate time to submit the Form 433-A. It was no abuse of discretion for Appeals, acting on the recommendation of Mr. Kelly, to close the case without discussing collection alternatives on account of petitioner's failing to submit the requested Form 433-A. E.g., TGI Enters., Inc. v. Commissioner, T.C. Memo. 2009-123. Respondent is entitled to summary adjudication that Appeals did not err in failing to consider any collection alternatives.

III.   Section 6673 Penalty

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 if (1) the taxpayer has instituted or maintained a proceeding primarily for delay, or (2) the taxpayer's position is "frivolous or groundless". Petitioner acknowledges in his objection to the motion for partial summary judgment that he filed frivolous tax returns. The preprinted list attached to the CDP request makes frivolous and groundless arguments. We are concerned that petitioner may have instituted this proceeding to delay collection of the penalties at issue. We caution petitioner to proceed with section 6673(a)(1) in mind.

IV.    Conclusion

To reflect the foregoing,

An appropriate order will be issued.