T.C. Memo. 2014-216

UNITED STATES TAX COURT

ROBERT B. ANDERSON AND CHERI L. ANDERSON, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9652-13L.                    Filed October 9, 2014.

Robert B. Anderson and Cheri L. Anderson, pro sese.

<u>Nathan C. Johnston</u> and <u>Linette B. Angelastro</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Pursuant to section 6330(d)(1), petitioners seek review of

respondent's determination to proceed with collection by lien and levy of their

unpaid 2006 and 2007 Federal income tax liabilities.[1]  Petitioners do not contest

_____

        [1]All section references are to the Internal Revenue Code in effect at all

(continued...)

[*2] the underlying tax liabilities, and the only issue for decision is whether respondent abused his discretion in sustaining the lien notice filing and proposed levy actions for 2006 and 2007.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioners resided in California when the petition was filed.

On September 6, 2012, respondent mailed petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, advising them of recorded liens for tax years 2006 and 2007. The letter also advised petitioners of their right to request a collection due process (CDP) hearing by October 15, 2012. On September 20, 2012, respondent issued a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right To a Hearing, with respect to petitioners' income tax liabilities for 2006 and 2007.

In response to these notices petitioners timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. The form permitted

---

[1](...continued)
relevant times.

**[*3]** petitioners to indicate the nature of their CDP hearing request by checking boxes selectively.

On their Form 12153 petitioners checked boxes indicating a request for both an installment agreement and an offer-in-compromise as collection alternatives. Petitioners also checked all boxes relating to their notice of Federal tax lien (NFTL) indicating a request for "Subordination", "Discharge", and "Withdrawal" of the lien. In the space for the "Reason" for their CDP hearing request, petitioners wrote "See Attached". Petitioners attached four pages to their Form 12153 consisting of 18 numbered paragraphs outlining petitioners' requests.[2] The paragraphs included a request for "currently not collectible" (CNC) status, hardship exceptions, a face-to-face hearing, and arrangements to make an audio recording of the hearing. Petitioners also acknowledged that a face-to-face hearing was not required but stated that "if a taxpayer asks for a face-to-face hearing, one must be granted on all non-frivolous issues."

A settlement officer (SO) from the IRS Appeals office verified receipt of petitioners' CDP hearing request and in a letter dated December 14, 2012,

---

[2]Petitioners' attachment presented selected and lightly edited paragraphs from among "boilerplate items" in the CDP requests at issue in Sullivan v. Commissioner, T.C. Memo. 2012-337, and Thornberry v. Commissioner, 136 T.C. 356, 358, 369 (2011).

[*4] discussed the issues raised in the request.  Specifically, the SO indicated that petitioners were eligible for an installment agreement with monthly payments of $472.  The SO also informed petitioners that to pursue a face-to-face hearing and other collection alternatives, they would have to:  (1) submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; and (2) attach relevant supporting documentation to the form, i.e., earnings statements, bills or statements for recurring expenses, bank and investment statements, loan statements, and credit card statements for three months before the date of the form.  The SO noted that if petitioners sought an offer-in-compromise, they would have to submit Form 656, Offer in Compromise, and any applicable fees.  The letter stated that the "purpose of requiring a collection information statement is to ensure that the conference will be productive in assisting the Settlement Officer in evaluating the collection alternative, during the CDP Hearing with Appeals."

In the same letter the SO discussed why a withdrawal of petitioners' NFTL was inappropriate and requested petitioners to provide additional information to support their withdrawal request.  The SO also discussed petitioners' subordination and discharge requests and conditioned them upon proper completion of Form 14134, Application for Certificate of Subordination of Federal

**[*5]** Tax Lien, and Form 14135, Application for Certificate of Discharge of Property from Federal Tax Lien, respectively.

All requested forms and supporting documentation were due by December 28, 2012. After a telephone conversation between the parties on February 5, 2013, the SO postponed the deadline for submitting the Form 433-A, including the required supporting documentation, to February 10, 2013.

On February 11, 2013, the SO received a letter from petitioners along with a completed Form 433-A without supporting documentation. In the letter petitioners: (1) rejected the SO's proposed installment agreement; (2) requested a Form 656 to pursue an offer-in-compromise; and (3) notified the SO of respondent's failure to reduce petitioners' 2006 liability by $5,425--an amount previously withheld for tax year 2006 and stipulated as a prepayment credit in the decision document of petitioner Robert B. Anderson's prior related Tax Court case. See Anderson v. Commissioner, T.C. Dkt. No. 17408-10S (May 17, 2001). Petitioners' letter did not contain any of the other supporting documentation requested by the SO.

On February 20, 2013, the SO sent petitioners a letter acknowledging petitioners' rejection of the installment agreement and enclosing a Form 656 for petitioners to pursue an offer-in-compromise. The SO also informed petitioners of

**[*6]** her intent to have petitioners' withholding for the 2006 tax year adjusted as they requested.

The SO did not receive any further correspondence from petitioners. As a result, the SO concluded that their prior mail correspondence and telephone conversations adequately constituted petitioners' CDP hearing. On April 3, 2013, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 upholding the NFTL filing and levy notice (adjusted for petitioners' withholding credit for tax year 2006).

Petitioners contend that they would have supported their hardship and CNC requests in a face-to-face hearing. Petitioners also suggest that the SO never intended to hold a face-to-face hearing with them because the SO had classified their arguments as frivolous from the outset.

OPINION

Section 6301 empowers the Commissioner to collect the taxes imposed by the internal revenue laws. To further that objective, Congress has provided that the Commissioner may effect the collection of taxes by, among other methods, liens and levies. Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay those taxes. The

**[*7]** lien arises at the time assessment is made and continues until the liability is satisfied or becomes unenforceable by lapse of time. Sec. 6322. Section 6331(a) authorizes the Commissioner to levy upon all property or property rights of any taxpayer liable for any tax who neglects or refuses to pay that liability within 10 days after notice and demand for payment.

When the Commissioner pursues collection by lien or levy, he must notify the affected taxpayer in writing of his or her right to a CDP hearing with an impartial Appeals officer. See secs. 6320(a) and (b) (relating to liens), 6330(a) and (b) (relating to levies). Where a hearing is requested, whether in response to an NFTL filing or a proposed levy, the presiding Appeals officer must satisfy the standards set forth in section 6330. See secs. 6320(c), 6330(c).

Specifically, as part of the CDP hearing, the Appeals officer must take into consideration: (1) verification that the requirements of applicable law and administrative procedure have been met; (2) relevant issues raised by the taxpayer concerning the collection action; and (3) whether the proposed collection action balances the need for the efficient collection of tax with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary. Sec. 6330(c)(3). Relevant issues may include appropriate spousal defenses, challenges to the appropriateness of the collection actions, and potential collection

**[*8]** alternatives such as an installment agreement or an offer-in-compromise. Sec. 6330(c)(2)(A).

Where the validity of the underlying tax liability is not at issue, we review Appeals' determinations for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Abuse of discretion exists where the Appeals officer's determinations are arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007). The Court of Appeals for the Ninth Circuit has held that judicial review of nonliability issues under section 6330(d) is limited to the administrative record (i.e., the administrative record rule). See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g T.C. Memo. 2006-166.

Petitioners argue that they did not receive a proper CDP hearing because respondent denied them a face-to-face hearing. CDP hearings are informal and do not require the Appeals officer and the taxpayer to hold a face-to-face meeting. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer and the taxpayer, or some combination thereof. Id. A face-to-face CDP hearing concerning the taxpayer's underlying liability will not be granted if the request for a hearing or other

[*9] taxpayer communications indicate that the taxpayer wishes only to raise irrelevant or frivolous issues concerning that liability.  Sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.  Similarly, a face-to-face CDP hearing concerning a collection alternative will not be granted unless other taxpayers would be eligible for the alternative in similar circumstances.  Id.

Petitioners requested a face-to-face CDP hearing to discuss, among other things, nearly every available collection alternative and the withdrawal, subordination, and discharge of the lien, but they failed to provide respondent with the information necessary to assess the viability of each collection alternative.  Particularly, petitioners failed to:  (1) provide the financial information necessary to support their completed Form 433-A; (2) provide the additional information requested to consider the lien withdrawal; (3) submit Forms 14134 and 14135 with respect to their subordination and discharge requests, respectively; and (4) submit a Form 656 with respect to their offer-in-compromise collection alternative request.

Petitioners cite the Internal Revenue Manual (IRM) as the basis for their claim of an abuse of discretion by the SO.  Particularly, petitioners believe that the SO failed to follow the IRM when she conditioned the scheduling of a face-to-face hearing upon the receipt of financial information.  Two relevant IRM provisions

[*10] are implicated. The first provision states: "Do not condition a face-to-face conference on the production of supporting documents to the collection information statement." IRM pt. 8.22.5.6.1.1(11) (Mar. 29, 2012). Here, the SO did not condition petitioners' face-to-face hearing on the production of supporting documents. The SO requested petitioners to complete a Form 433-A to pursue their collection alternatives. The SO told petitioners that an additional form, Form 656, would be required if they sought an offer-in-compromise. Petitioners completed the Form 433-A (without supporting documentation) and rejected the SO's proposal for an installment agreement. This left petitioners with an offer-in-compromise as the only legitimate collection alternative to pursue.[3] Since petitioners did not submit a completed Form 656, the SO could not evaluate their proposed offer-in-compromise and a face-to-face hearing was not necessary. See, e.g., Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); Holland v. Commissioner, T.C. Memo. 2013-205, at *11; Gentile v. Commissioner, T.C. Memo. 2013-175, at *9; Waring v. Commissioner, T.C. Memo. 2011-270.

---

[3]Petitioners also requested hardship and CNC status using boilerplate language, but they failed to provide complete financial information, thus impairing respondent's ability to effectively evaluate these claims. Taxpayers may not hide their contentions, demand a face-to-face hearing without justification, and then disclose their contentions only if and after the IRS capitulates to their demands. Sullivan v. Commissioner, T.C. Memo. 2012-337.

[*11] The second IRM provision states: "If a taxpayer wishes to discuss collection alternatives and one or more other relevant issues at the face-to-face CDP conference, do not deny the face-to-face request solely because the taxpayer failed to submit adequate financial information." IRM pt. 8.22.5.6.1.1(14) (Mar. 29, 2012). Petitioners wished to discuss only collection alternatives and no other relevant disputed issues. Furthermore, respondent did not deny petitioners a face-to-face hearing solely because they failed to provide adequate financial information. Respondent denied petitioners a face-to-face hearing because there was not sufficient information to discuss the merits of their offer-in-compromise and the missing information could not be easily obtained from another source. See id. pt. 8.22.5.6.1.1(10). Regardless of whether the SO's actions contravened the IRM, it is a well-settled principle that the Internal Revenue Manual does not have the force of law, is not binding on the IRS, and confers no rights on taxpayers. McGaughy v. Commissioner, T.C. Memo. 2010-183; see United States v. Caceres, 440 U.S. 741 (1979); Fargo v. Commissioner, 447 F.3d 706, 713 (9th Cir. 2006), aff'g T.C. Memo. 2004-13.

Finally, petitioners argue that the SO abused her discretion by classifying their arguments as "frivolous" from the beginning without explanation--thereby denying them a fair and impartial hearing. Section 6330(b)(3) controls a

[*12] taxpayer's right to a fair hearing and provides that "[t]he hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section or section 6320." The SO who conducted the CDP hearing had no prior involvement in petitioners' tax matters for the years in issue. The SO also complied with the requirements of section 6330(c)(3). Several excerpts of the SO's internal case records classify petitioners' arguments as "frivolous", but this alone was not the basis for the SO's denial of a face-to-face hearing or decision to sustain the lien notice filing and levy action. The SO repeatedly asked petitioners to submit a Form 656 or provide financial information to supplement their Form 433-A, and they did not provide the requested information. Therefore, the SO concluded that a correspondence hearing (a hearing conducted by telephone and/or mail) was more appropriate than a face-to-

[*13] face hearing.[4]  We agree and find that petitioners received a fair and impartial CDP hearing.

It is clear from our review of the record that the SO conducted a thorough review of petitioners' account transcripts and verified that the requirements of applicable law and administrative procedure were followed.  Despite petitioners' overly broad CDP hearing request,[5] the SO timely addressed each issue raised in the request.  The SO acknowledged petitioners' concerns regarding an overlooked stipulated prepayment credit for tax year 2006 and corrected this issue.  The SO properly balanced the need for efficient collection of taxes with petitioners' legitimate concern that collection action be no more intrusive than necessary.  Since petitioners failed to provide the financial information necessary to assess the viability of each of their proposed collection alternatives, we conclude that the SO acted within her discretion by denying petitioners a face-to-face hearing and

---

[4]Since the SO justifiably determined that a correspondence hearing was appropriate, petitioners did not have a right to make an audio recording of the hearing.  See sec. 7521(a)(1) ("Any officer or employee of the Internal Revenue Service in connection with any in-person interview with any taxpayer relating to the determination or collection of any tax shall, upon advance request of such taxpayer, allow the taxpayer to make an audio recording of such interview at the taxpayer's own expense and with the taxpayer's own equipment." (Emphasis added.)).

[5]See supra note 2.

**[\*14]** sustaining the lien notice filing and levy action.  Respondent's determination to proceed with collection is sustained.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.